## J. J. CARR and others *vs.* REBECCA C. BARTLETT.

### Waldo.    Opinion March 7, 1881.

*Contract.    Subscriptions in voluntary associations.*

The defendant, with others, signed an agreement to enter into an association for the purpose of erecting and operating a cheese factory, agreeing severally and individually to pay their regularly appointed building committee the sums set against their names; the building committee was chosen from the subscribers; the associates paid in their subscriptions; the committee contracted for the erection of the building; the money was expended and the common enterprise established, without any disclaimer or dissent of the defendant.

*Held*, 1. That the agreement was not binding while it remained wholly unexecuted; it was then inchoate and without consideration.

2. That it became binding when liabilities were assumed and action taken under it; that a consideration was supplied thereby.

3. That an action for defendant's subscription may be maintained in the name of the building committee; the agreement makes them payees or promisees by description.

4. That it is not a defence to the action, that the associates were afterwards incorporated for the purpose of carrying on the enterprise, whether the defendant was included or excluded, among the persons incorporated. If injured by the action of her associates, she has a remedy by action or suit in equity.

5. That it is not a defence to this action, that the associates voted to release the defendant's subscription, the vote being without consideration, and having been reconsidered and annulled before acted upon.

·ON REPORT.

Assumpsit by the building committee of a cheese factory association in Montville to recover a subscription of twenty-five dollars made by the defendant upon the following agreement:

"We, the undersigned, residents of the town of Montville and vicinity, hereby agree to enter into association for the purpose of erecting and operating a cheese factory, to be located within one-half mile of McFarland's corner in said town, and we severally and individually, bind ourselves by these presents, on or before the first day of May, 1874, to pay to our regularly appointed building committee, the several sums set opposite our names, for the purpose of building and furnishing said factory.

"And it is understood and agreed that when said factory shall have been completed and opened for work, each member of the association is to patronize it by delivering milk for one year in proportion to the number of cows set opposite our names.

"The manufactured product of said milk is to be sold by the regularly appointed agent of the association, and each member to receive his share of the sales in proportion to the quantity of milk delivered less than the cost of manufacturing, etc. the above not to be binding unless the sum of $2000 is subscribed."

Signed by the defendant and others, the defendant putting down $25, and the total subscriptions being $2125. The factory was erected within the specified limits.

The court to render such judgment as the law and evidence require.

*Wayland Knowlton,* for the plaintiffs, cited: *Babcock* v. *Wilson,* 17 Maine, 372; *Appleton* v. *Chase,* 19 Maine, 74; 1 Bouv. Law Dict. 331, Item 10; Story on Contr. § § 447, 449, 453; *Farmington Academy* v. *Allen,* 14 Mass. 172; *K. & P. R. R. Co.* v. *Jarvis,* 34 Maine, 360; 4 U. S. Dig. 424, § 74.

*J. A. Lamson,* for the defendant. Contended that this action could not be maintained by these plaintiffs, if at all; that defendant's subscription was without consideration and that nothing was done under the agreement, but all the business was done after incorporating, under charter from the legislature, granted in 1874. *Foxcroft Academy* v. *Favor,* 4 Maine, 382; *Richmond Factory Association* v. *Clark,* 61 Maine, 351.

And if the defendant was ever liable to the corporation she had been released by a vote of the stockholders.

PETERS, J. The defendant, with others, signed an agreement of association containing the following clauses: "We, the undersigned, residents of the town of Montville and vicinity, hereby agree to enter into association for the purpose of erecting and operating a cheese factory. . . . and we severally and individually bind ourselves, by these presents, on or before the first day of May, 1874, to pay to our regularly appointed building committee the several sums set opposite our names for the

purpose of building and furnishing said factory. . . . The above not to be binding unless the sum of $2000 is subscribed."

This undertaking, while it remained inchoate and incomplete, was not binding upon the defendant. It was without consideration. It was not a sufficient consideration that others joined in the same promise, relying upon her promise. *Foxcroft Academy* v. *Favor*, 4 Maine, 382; *Cottage St. E. Church* v. *Kendall*, 121 Mass. 528. The latter case is the subject of an instructive note, citing and discussing a mass of authorities, in the Amer. Law Reg. (Phila.) Sept. No. 1877.

At this stage of the undertaking the defendant could have withdrawn from it, or she could continue a party until the same became a completed agreement and binding upon her. She took the latter course. The subscription became completed. Her associates paid in their subscriptions, made purchases and entered into contracts necessary for the consummation of the common enterprise. She is presumed to have assented to all that was done. Those facts furnished a sufficient consideration for the liability which by her subscription she assumed. The authorities are agreed upon this point, as the cases cited and those to be cited clearly show.

It is denied that the plaintiffs are competent parties to sue for the subscription. They are the regularly appointed building committee of the subscribers. They are themselves subscribers. In their name for the benefit of the associates they contracted for the erection of the factory. Under the agreement, they are the payees or promisees by description, in whose names the subscriptions are collectible for the benefit of all concerned. They are the association by representation. Therefore the objection is avoided, that sometimes is presented in this class of contracts, that the mutual promises of subscribers do not afford a consideration for a contract with a third person, for a want of privity between the subscribers and such person. *Thompson* v. *Page*, 1 Metc. 565; *Ives* v. *Sterling*, 6 Metc. 310; *Fisher* v. *Ellis*, 3 Pick. 323; *Watkins* v. *Eames*, 9 Cush. 537; *Athol Music Hall* v. *Carey*, 116 Mass. 471; *Curry* v. *Rogers*, 21 N. H. 247. There can be no valid objection to a suit in the name of the plaintiffs for the benefit of themselves and associates.

It is further objected, that the property and business became absorbed into a corporation subsequently formed. But this was after the defendant's liability became fixed. It seems that all the subscribers were incorporated into a company with a corporate name, without any change in the purposes of the association or adding any liabilities to those before assumed. It gave them little more than "a local habitation and a name." Whether the defendant became thereby legally a member of the incorporated body or not, it is not a reason why her subscription cannot be enforced by the committee to whom the payment by the agreement was to be made. No right can be taken from her. For any loss or injury caused by others she can commence an action or resort to a remedy in equity. *Thompson* v. *Page, supra; Fisher* v. *Ellis, supra; Mirick* v. *French,* 2 Gray, 420 ; *Machias Hotel Co.* v. *Coyle,* 35 Maine, 405.

The corporation voted to release the defendant from the payment of her subscription. The vote was without any consideration, and before the vote was acted upon it was reconsidered and annulled. That affords no defence to the action.

*Defendant defaulted.*

APPLETON, C. J., WALTON, DANFORTH, VIRGIN and LIBBEY, JJ., concurred.