## OSBORN & a. v. CROSBY.

Where several mutually agree to pay money to be expended for a lawful object of common interest to the parties, the promise of each is considered as made in consideration of the promise of the others; and after expenditures have been made in advancement of the enterprise, relying upon the subscriptions, it is no defence to an action against a delinquent subscriber, for the collection of his subscription, that the

expenditures were made under the direction of a corporation, organized by the associates in conformity with the original plan, of which he did not choose to become a member.

ASSUMPSIT, to recover the amount of the defendant's subscription to a fund for the purpose of purchasing land, and erecting thereon shoe-factory buildings in Peterborough. The facts, which were found by a referee, are stated in the opinion of the court.

*R. B. Hatch* and *F. G. Clark*, for the plaintiff.

*Ezra M. Smith*, for the defendant. There is no privity of contract now existing between the plaintiffs and the defendant. The plaintiffs, after signing the subscription paper with the defendant, united with other persons in signing a stock-book and in forming the corporation which has made all the contracts and collected and paid all the moneys. The plaintiffs and others have accomplished the object mentioned in the subscription paper, not in accordance with its terms, but as stockholders in the corporation, organized under the conditions of the stock-book. The defendant never attended any of the meetings of that corporation, nor consented to nor ratified any of its doings, nor in any way recognized their liability after signing the subscription paper. By the terms of the subscription paper, the sums were to be paid to the persons designated by the corporation (that is, by a corporation organized by themselves, and not one organized by other persons). Such a corporation was never organized, or attempted to be. The heading of the stock-book, by its very terms, limited its capital to $18,000, while the amount on the subscription papers was $20,980. The defendant did not agree to take stock, and by an agreement of other parties without his consent he cannot be compelled to take stock.

May 23, 1885, the capital stock was increased, but this new stock has all been subscribed, and most of it paid in. The defendant, by paying his subscription, would not be entitled to receive any of this new stock, nor can he be compelled to take any of it. One condition on the subscription paper was that the property should be owned by the subscribers in proportion to the sums paid by each. If the defendant is compelled to pay his subscription, that condition of the agreement cannot be carried out, because the corporation is not made a party to the suit, and there is no privity of contract between the parties; and there is no legal method by which the subscribers can claim stock, or any interest in the property of the corporation.

By the terms of the agreement, the defendant's subscription was not to be a gift, but he was to own, in common with the other subscribers, his proportion of the property. If compelled to pay in this suit, his subscription becomes a gift in violation of the very terms of the agreement.

CLARK, J.  For the purpose of building a shoe factory in the town of Peterborough, the defendant and the plaintiffs signed the following agreement :

"Peterboro', N. H., June 7, 1884.

"We the undersigned hereby promise and agree to pay the sums set against our respective names for the purpose of purchasing land in said Peterborough and erecting thereon suitable Shoe Factory buildings, to be owned by us as a voluntary corporation in proportion to the sums paid by each, said sums to be paid to the persons designated by said corporation at such times and in such sums as the directors thereof may order.

Names.                          Amount."

The amount of the defendant's subscription was $50, for the recovery of which this action is brought.   Concurrently with the circulation and signing of the subscription paper by these parties, eight or ten others, identical in terms with it, were circulated and signed, principally by citizens of the town ; and the sum of $20,980 being subscribed, on the twenty-third day of June, 1884, articles of association were entered into in furtherance of the common object expressed in the subscription papers, and such of the subscribers as chose signed the articles, and an agreement incorporated therein to take shares in the corporation.   A corporation was formally and duly organized under the name of the Peterborough Improvement Company ; the capital stock was fixed at $18,000, to consist of eighteen hundred shares of ten dollars each ; and eighteen hundred shares were subscribed for.   The subscribers to the stock were substantially the same as had subscribed on all the papers circulated, and all such subscribers, including the defendant, were duly notified, and had an opportunity to sign and take their subscriptions in stock.   The defendant did not sign the stock-book.   May 23, 1885, the capital stock was legally increased $2,980, equalizing it with the amount of the original subscriptions.   June 30, 1884, the corporation duly instructed the treasurer to collect the first assessment of forty per cent. on the subscriptions to the stock of the company on or before July 15, 1884, and the second assessment of thirty per cent. on or before August 20, 1884, and the balance on or before October 1, 1884.   Notice of these required payments was duly given to all the subscribers on the papers and on the stockbook, and payment requested.   The factory was built in the summer of 1884, with the knowledge of the defendant; and the money collected on the subscriptions, to the amount of $18,000, has been properly appropriated and expended, and there is an existing indebtedness of $2,800, incurred in purchasing the land and in erecting and furnishing the factory.   The defendant never revoked his subscription ; but he did not take any part in organizing the corporation, or attend any of its meetings.

These facts are sufficient to maintain the action.   For the pur-

pose of securing the establishment of a shoe factory, the defendant voluntarily, and without fraudulent solicitation, agreed with the other subscribers to pay the amount of his subscription. Where several mutually agree to pay money to be expended for a lawful object of common benefit or interest to the parties, the promise of each is considered as made in consideration of the promise of the others to contribute to the common object. *George* v. *Harris*, 4 N. H. 533; *Moore* v. *Chesley*, 17 N. H. 151. But in this case the consideration does not rest solely upon the mutuality of the promises. If the subscriptions in the first instance are regarded as mere offers or propositions to aid in the proposed enterprise, which could be withdrawn at any time before being accepted and acted upon, they become completed agreements, binding upon the parties, when, in furtherance of the common purpose, and relying upon them, money was expended and liabilities incurred in the erection of the factory.

It is contended that the defendant was released from his subscription by the action of his co-subscribers in uniting with the signers of other subscription papers in entering into a new contract to which the defendant was not a party, by organizing a corporation, choosing a board of directors, fixing the amount of capital stock, receiving subscriptions and issuing certificates therefor, and assuming the control of the collection and expenditure of the subscriptions in erecting and furnishing the factory. It is a sufficient answer to this objection, that all the subscription papers were identical in terms, and all the acts complained of were done in conformity with the original purpose, in advancement of the common object, and in the mode indicated in the contract of subscription. The defendant had due notice of all the proceedings. He was invited to participate, and did not object; and he is presumed to have assented to all that was done. His associates paid in their subscriptions, made purchases, and entered into contracts for the consummation of the common enterprise. All this was done with the knowledge of the defendant, and it is found as a fact that his subscription was never revoked. Under these circumstances the fact that he did not choose to participate in the organization or the proceedings of the corporation does not relieve him from liability on his subscription. *Boot and Shoe Co.* v. *Hoit*, 56 N. H. 548; *Carr* v. *Bartlett*, 72 Me. 120.

*Judgment for the plaintiffs.*

BINGHAM, J., did not sit: the others concurred.