Theodore F. STONE

v.

The WALDOBORO BANK, et al.

Supreme Judicial Court of Maine.

Argued Jan. 12, 1989.

Decided June 2, 1989.

Peter L. Murray (orally), Eric M. Mehnert, Murray, Plumb & Murray, Portland, for plaintiff.

Paul F. Macri (orally), Berman, Simmons & Goldberg, Lewiston, for defendants.

Before ROBERTS, WATHEN, GLASSMAN and HORNBY, JJ.

ROBERTS, Justice.

Theodore Stone appeals from a summary judgment of the Superior Court (Lincoln County, *Perkins, J.*) granted on motions filed by defendants, The Waldoboro Bank and its president, Wesley Richardson. Stone contends that the Superior Court erred in determining that there are no genuine issues of material fact relating to the application of the doctrine of promissory estoppel. Because we agree that there are factual issues, we vacate the summary judgment.

Viewing the record in the light most favorable to Stone's claim, we discern the following facts: Several days before June 25, 1986, Stone learned from two directors of the Waldoboro Bank that the Bank was about to conduct a foreclosure sale of a piece of property in Cushing. Stone examined the property, performed a title search, and told Richardson, the Bank president, that he would be willing to pay what was owed on the property. On June 24, Richardson told Stone not to attend the auction the following day because the Bank would have to purchase the property first, and that the Bank would then sell the property to Stone. · Richardson also told Stone that he should call the Bank at noon on the 25th, and that everything would be ready to close the sale to Stone.

Stone did not attend the auction on the 25th. The Bank was the only bidder and purchased the property for $28,659.05. When Stone called the Bank later that day, Richardson's secretary informed him that the property had "gone" at auction, and Richardson later stated, "That's the way it goes sometimes." The Bank eventually sold the property for $28,900 to a brother of one of the Bank's directors. Stone then sued seeking damages on, among other grounds, promissory estoppel.

We have previously approved the doctrine of promissory estoppel as set forth in section 90 of the *Restatement (Second) of Contracts:* "A promise which the promisor should reasonably expect to induce action or forbearance on the part of the promisee ... and which does induce such action or forbearance is binding if injustice can be avoided only by enforcement of the promise." *Martin v. Scott Paper Co.,* 511 A.2d 1048, 1050 (Me.1986), *citing Chapman v. Bomann,* 381 A.2d 1123, 1127 (Me.1978). Our review of the record in this case demonstrates that there is a genuine issue of fact as to whether Stone's forbearance from attending the auction constituted sufficient reliance under the doctrine of promissory estoppel. The court's determination to the contrary was reversible error.

The entry is:

Judgment vacated.

Remand for proceedings consistent with the opinion herein.

All concurring.