**Frederick L. YERDON, Plaintiff,**

v.

**TOWERY PUBLISHING, INC., et al., Defendants.**

**Civ. No. 89–0269–P.**

United States District Court,
D. Maine.

Oct. 26, 1990.

Ralph W. Brown, Francis M. Jackson, Portland, Me., for plaintiff.

William J. Kayatta, Jr., Anthony R. Derosby, Portland, Me., for defendants.

## MEMORANDUM AND ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

GENE CARTER, Chief Judge.

In this diversity action, which arises out of the alleged breach of an employment contract, the Magistrate has recommended that the Court grant summary judgment for Defendant Towery on Counts II, VIII, IX, and that part of Count IV based on 26 M.R.S.A. §§ 626 and 626–A [1] and for Defendant Behny on Counts I, II, III, IV, VIII, and IX. Defendants object to the Magistrate's Decision to the extent that it recommends denial of their motion on the

---

1. Puzzlingly, in Counts II and IV, Plaintiff refers to a violation of 10 M.R.S.A. § 625. Presumably, since the parties and the Magistrate all agree that the rest of the count refers to 26 M.R.S.A. §§ 626 and 626–A and there exists no 10 M.R.S.A. § 625, the complaint refers to 26 M.R.S.A. § 625. The reference is still puzzling since that section deals with contracts for employment providing for the giving of "one week's notice of intention on such employee's part to quit such employment under a penalty of forfeiture of one week's wages," and imposes a like penalty on the employer for failure to provide a week's notice of intention to discharge. The contract here does not contain such a provision, and the allegations have nothing to do with failure to provide a week's notice of dismissal. *See infra* at 321. Since Counts II and IV seek relief pursuant to section 626–A, which applies only to violations of enumerated sections within the subchapter *not* including section 625, the Court concludes, as did Defendants and the Magistrate, that Plaintiff did not intend to state a claim under 26 M.R.S.A. § 625.

other counts of the complaint, except Count X on which they did not move for summary judgment. In his response to Defendants' objections, Plaintiff urges that the Court, upon *de novo* review, reconsider the Magistrate's recommendation that summary judgment be granted in favor of Defendants on Counts II, IV, and IX.

■ At the outset, the Court will dismiss *Plaintiff's* objections to the recommended decision of the Magistrate because they are untimely. The statute and rule of procedure governing review of Magistrates' decisions both make clear that a party may object to proposed findings and recommendations on a dispositive motion "[w]ithin 10 days after being served with a copy" of the recommended disposition. 28 U.S.C. § 636(b)(1); Fed.R.Civ.P. 72(b). The rule continues: "The district judge to whom the case is assigned shall make a de novo determination upon the record, or after additional evidence, of any portion of the magistrate's disposition to which specific written objection has been made in accordance with this rule." Thus, *de novo* review shall be conducted only upon timely objection. *Park Motor Mart, Inc. v. Ford Motor Co.*, 616 F.2d 603 (1st. Cir.1980). Plaintiff did not object to the Magistrate's recommended decision in any form until after a month from the date he was served with it. His objections, therefore, are untimely.

### Counts III and IV

In Counts III and IV Plaintiff alleges that the employment agreement between him and Defendant Towery provided for continued employment after an original three month term on a month-to-month basis and that he had a reasonable expecta-

tion of, and was entitled to, such continued employment through the time he attained the age of sixty-five. Defendant argued before the Magistrate, and argues again here, that the contract unambiguously provides that Plaintiff may be terminated upon 14 days notice at the conclusion of the original term or of any extended term. Plaintiff argued that Towery could only terminate his employment for cause because he had been promised that the contract was self-renewing and that it would continue.[2] Finding an ambiguity on the point in the contract, the Magistrate recommended denial of Defendant's motion for summary judgment to allow parol evidence concerning the meaning of the contract at trial.

■ As the Magistrate noted, Tennessee law governs construction of the contract in this case. Under Tennessee law, parol evidence is only admissible to aid in construction of a contract when the contract language is ambiguous. *Jones v. Brooks*, 696 S.W.2d 885, 886 (Tenn.1985). Contract language is ambiguous when its meaning is uncertain or when it can be fairly construed in more ways than one. *Farmers–Peoples Bank v. Clemmer*, 519 S.W.2d 801, 805 (Tenn.1975). The disputed language must be examined, however, in the context of the entire agreement, *Cocke County Board of Highway Comm'rs v. Newport Utilities Board*, 690 S.W.2d 231, 237 (Tenn.1985), and the contract must be construed so that all clauses will be in harmony if such a construction is possible. *Bartlett v. Philip–Carey Mfg. Co.*, 216 Tenn. 323, 392 S.W.2d 325 (1965). The words should be given their usual, natural and ordinary meaning, *St. Paul Surplus Lines Insurance Co. v. Bishops Gate In-*

2. By affidavit Plaintiff attempted to dispute some of the facts upon which Defendants' motion was based. The Magistrate refused to consider Plaintiff's affidavit because he had not submitted a statement of material facts as required by Local Rule 19(b)(2). In his response to this motion, Plaintiff has asked the Court to consider the memorandum filed in opposition to the motion as his objection and statement of material facts, arguing that he merely mislabelled it. Even if the memorandum could be considered an adequate objection, Rule 19(b)(2) is explicit in its requirement that parties oppos-

ing motions for summary judgment file a *separate* statement of the material facts, supported by appropriate record citations, as to which it is contended that there exists a genuine issue to be tried. The Magistrate was, therefore, correct in stating that the consequence of failure to file such a statement is that the moving party's statement of material facts is deemed to be admitted. Since the affidavit submitted with the memorandum on this motion sought only to generate an issue as to a fact which Plaintiff was deemed to have admitted, the Magistrate was correct in not considering it.

*surance Co.*, 725 S.W.2d 948, 951 (Tenn.Ct. App.1986), and a strained construction will not create ambiguity in an otherwise unambiguous contract. *Clemmer*, 519 S.W.2d at 805.

The pertinent portion of the disputed employment contract contains the following three paragraphs:

9. Term. The original term of this Agreement shall be three (3) months. Thereafter, the term hereof may be extended for additional periods of time by written mutual consent of the parties. If no written consent is entered into, the term will automatically be extended for additional one (1) month periods (the "Extended Term"). The Original Term and any Extended Term are referred to collectively as the Term.

10. Termination.

(a) When the Term of this Agreement expires, whether the Original Term, or any Extended Term, either party may terminate this Agreement on 14 (14) [*sic*] days prior written notice. The prior written notice may be given fourteen (14) days prior to the end of the Term so that the termination coincides with the end of the Term.

(b) During the Term of this Agreement, Yerdon may terminate this Agreement by giving fourteen (14) days prior written notice to the Company. During the Term of this Agreement, Company may only terminate the employment of Yerdon For Cause. A termination "For Cause" will be effective immediately upon written notice. The phrase "For Cause" as used herein shall include ...

Paragraph 14 contained an integration clause, which provided that the written document constitutes the entire agreement between the parties pertaining to the subject matter, superseding prior and contemporaneous agreements, representations and understandings of the parties.

Finding that under paragraph 9 the contract would be automatically extended on a month-to-month basis until terminated by one of the parties, the Magistrate determined that the contract was ambiguous because Paragraph 10 permits either party to terminate the contract "on 14 days prior written notice at the expiration of the original or any extended term," but it also provides that "[d]uring the Term" Plaintiff may terminate the agreement upon 14 days notice while Defendant Towery may only terminate the employment of the Plaintiff for cause. Recommended Decision, at 6. The Magistrate concluded that "[t]his apparent inconsistency is susceptible either to the plaintiff's interpretation, that his employment could only be terminated for cause, or to Towery's construction, that the plaintiff could be terminated for any reason at the end of the original or any extended term of the agreement."

■ Although the contract language is very poorly drafted, the Court finds that it is not ambiguous. The Court notes that subparagraphs 10(a) and 10(b) are similar in that they each address means by which the contract can be terminated. Each subparagraph also begins with an adverbial phrase denoting time. Subparagraph (a) refers to "[w]hen the Term of this Agreement expires" and the first two sentences of subparagraph (b) refer to "[d]uring the Term of this Agreement." In order to take into account the whole agreement, and to read the clauses in harmony, it is clear that the Court must view the adverbial phrases as indicating *different* times at which the contract might be terminated, and the paragraphs as setting forth different termination techniques corresponding to the different times at which termination might take place. Thus, if either party wishes to terminate the contract at the end of a term, 14 day notice must be provided. If, on the other hand, Defendant wishes to terminate the contract during, or in the course of a term, it must have cause, while Plaintiff only needs 14 day notice.

If Plaintiff were correct in his assertion that the contract provides he can be terminated *at any time* only for cause, the Court would have to ignore entirely subparagraph (a) which permits Defendant to terminate at the end of a term upon 14 days notice. Moreover, the Court would necessarily find paragraph 9, which estab-

lishes a discrete month-to-month term, superfluous. Such construction would violate Tennessee's rules of contract construction and would not make any sense. The contract is not ambiguous and could be terminated by either party at the end of the initial or any subsequent term. Summary judgment is, therefore, appropriate on Count III because Plaintiff's allegations that, barring cause for termination, he had a reasonable expectation of employment until age 65 is directly contradicted by the contract. This reasoning also provides a basis, in addition to the statutory one elaborated on by the Magistrate, for summary judgment on Count IV.

### Count V

■ The Magistrate's recommended decision that summary judgment for the Defendants be denied on Count V was predicated on his determination that the contract between the parties was ambiguous and would require the admission of parol evidence for its construction. Having rejected that predicate determination, the Court now must also reject his conclusion on the promissory estoppel claim. As the Magistrate correctly stated, in Maine " '[a] promise which the promisor should reasonably expect to induce action or forbearance is binding if injustice can be avoided only by enforcement of the promise.' " Recommended Decision at 7 (quoting *Stone v. Waldoboro Bank,* 559 A.2d 781, 782 (Me. 1989)). Given both the unambiguous provision in the contract providing for termination at the end of a term by notice of either party and the fact the contract recited that it superseded any other representations by the parties, Defendants should not reasonably have expected Plaintiff to rely on any of the conversations leading up to the making of the contract rather than on the contract itself. As the Court of Appeals for the First Circuit has said in a slightly different context:

"[A] contractual provision flatly contradictory to prior oral assurances should cause most people—and particularly experienced, knowledgeable businesspeople—to pause. Moreover, if a jury is allowed to ignore contract provisions directly at odds with oral representations allegedly made during negotiations, the language of a contract simply would not matter anymore.... Contracts would become no more than presumptive statements of the parties' intentions, instead of legally enforceable agreements. And the give-and-take of negotiations would become meaningless if, making concessions in order to obtain other contractual protections, a knowledgeable party is later able to reclaim what it had given away by alleging that it had, in fact, relied not on the writing but on the prior oral statements.

*Turner v. Johnson & Johnson,* 809 F.2d 90, 96 (1st Cir.1986) (predicting Massachusetts law on the issue of permitting fraud claims in the face of contrary, unambiguous contracts.) The Court finds, therefore, that summary judgment should be granted for Defendants on Count V.

### Counts VI and VII

Defendants have moved for summary judgment on Counts VI and VII, which allege slander and libel, on the grounds that the allegedly defamatory communications were true. The Magistrate recommended denial of the motion, finding that Defendants had not established the truth of the statements. In their memorandum on the motion, Defendants argued that the statements were true and cited to the record for "undisputed facts" in support of that proposition. As the Magistrate pointed out, however, Defendants did not make any representations concerning the truth of the statements in the statement of material facts required by Local Rule 19(b).

■ Defendants argue that the Magistrate has elevated form over substance by requiring them to comply with the rule that material facts as to which it is contended there is no dispute be isolated for the Court in a separate statement if they are to be considered as a predicate for a summary judgment motion. Defendants' argument comes in support of the same motion upon which *they* pointed out to the Court, without specific citation to Rule 19(b), that Plaintiff had not filed such a statement.

Correctly recognizing the importance of compliance with the local rule, the Magistrate applied it to Plaintiff, preventing him from generating issues of material fact merely by raising them in his memorandum with its supporting affidavit. Certainly, Defendants cannot seriously suggest that the rule should be applied to one party but not to the other.

Defendants argue further that the Magistrate improperly put the burden on them to establish the truth of the statements, when in fact, the burden should have been on Plaintiff to establish falsity. Defendants have misread the law governing summary judgment motions. As the Supreme Court stated in *Celotex Corp. v. Catrett*, 477 U.S. 317, 330, 106 S.Ct. 2548, 2556, 91 L.Ed.2d 265 (1986):

> The burden of establishing the nonexistence of a "genuine issue" is on the party moving for summary judgment. This burden has two distinct components: an initial burden of production, which shifts to the nonmoving party if satisfied by the moving party; and an ultimate burden of persuasion, which always remains on the moving party....
>
> The burden of production imposed by Rule 56 requires the moving party to make a prima facie showing that it is entitled to summary judgment.... If the *moving* party will bear the burden of persuasion at trial, that party must support its motion with credible evidence— using any of the materials specified in Rule 56(c)—that would entitle it to a directed verdict if not controverted at trial.

Under Maine common law defamation principles, the falsity of a defamatory statement is presumed, and it is the *defendants'* burden to plead and prove truth as an affirmative defense. *Ramirez v. Rogers*, 540 A.2d 475, 477 (Me.1988). Therefore, Defendants here had the burden of making a *prima facie* showing of the truth of the alleged defamatory statements. The Magistrate correctly determined that, by not complying with Local Rule 19(b), Defendants had not met this initial burden.

Defendants have also sought summary judgment on the defamation counts on the grounds that the alleged defamatory communications were conditionally privileged. The Court agrees with the Magistrate that based on the facts set forth by Defendants in their statement of material facts, there remain genuine issues of material fact surrounding the existence of the conditional privilege claimed. Summary judgment in favor of Defendants is, therefore, not appropriate on Counts VI and VII. Fed.R. Civ.P. 56(c).

Accordingly, it is ORDERED that the Magistrate's Recommended Decision be ACCEPTED in part and REJECTED in part as discussed in the memorandum above.

It is FURTHER ORDERED that

(1) Defendant Behny's motion for summary judgment be, and it is hereby, GRANTED as to Counts I, II, III, IV, V, VIII and IX;

(2) Defendant Towery's motion for summary judgment be, and it is hereby, GRANTED as to Counts II, III, IV, V, VIII, and IX;

(3) Defendants' motion for summary judgment be, and it is hereby DENIED as to Counts VI and VII.

Finally, it is ORDERED that Plaintiff's objections to the Magistrate's Recommended Decision be, and they are hereby, DISMISSED.

SO ORDERED.