Rockingham,
No. 4949.

WILLIAM ALEXANDROPOULOS & a.

*v.*

STATE OF NEW HAMPSHIRE.

Argued October 3, 1961.
Decided October 27, 1961.

*Fuller, Flynn & Riordan (Mr. Flynn* orally), for the plaintiffs.

*Gardner C. Turner,* Attorney General, *William J. O'Neil,* Assistant Attorney General, and *William F. Cann,* Assistant Attorney General (*Mr. O'Neil* orally), for the State of New Hampshire.

BLANDIN, J. The plaintiffs in their brief say that the sole issue is whether the slope release and access rights passed to the defendant State under an alleged contract between them and the State so as to make the defendant liable under RSA 491:8.

This statute provides, so far as material, that "the superior court

shall have jurisdiction to enter judgment against the state of New Hampshire founded upon any express or implied contract with the state," and that any action brought under this statute "shall be tried by the court without a jury." In the previous transfer of this dispute, the plaintiffs' petition for mandamus to compel the Commissioner of Public Works and Highways to build a service access road for them in accordance with the alleged contract hereinbefore referred to, was denied. *Kostrelos* v. *Merrill*, 101 N. H. 317. However, the court in that opinion said: "Whether any remedy is available to the plaintiffs under RSA 491:8 is a question not presented and which has therefore not been considered." *Id.*, 320.

The main difficulty confronting us here is that the pleadings do not make it clear who allegedly made the contract with the plaintiffs. Their allegations are that the agreement was made by the State "through its agents or servants." Neither from the record in the present case nor from that in the previous transfer (*Kostrelos* v. *Merrill*, 101 N. H. 317) can we determine with certainty the identity of these alleged agents and servants. This question will have to be decided in the Superior Court, but in the interest of the efficient administration of justice, it seems advisable to resolve certain issues now.

The defendant rests its case upon the proposition that the Layout Commission had no authority to make any contract with the plaintiffs whereby the State should agree to construct an access or free road for their benefit in return for their release to the State of their slope rights, and that such powers reside only in the Commissioner of Public Works and Highways. This is correct. *Kostrelos* v. *Merrill, supra,* 319; *Wiseman* v. *State,* 98 N. H. 393, 397; RSA 236:3-5. The mere fact that the Layout Commission purported to make an agreement, if it did, does not bind the State. *Bow* v. *Plummer,* 79 N. H. 23. If the plaintiffs believed that the power existed, this does not avail them, as they are bound to take notice of the limits of the Layout Commission's authority. *State* v. *Cote,* 95 N. H. 428, 430.

Therefore, if it should appear that the Layout Commission attempted to make an agreement, the State is not bound and the pending bill of complaint should be dismissed. The plaintiffs may then proceed under RSA 233:17 for an assessment of their damages.

However, if it should appear that the Commissioner of Public Works and Highways in the proper exercise of his discretion (see *Kostrelos* v. *Merrill, supra,* 319), did determine that the free

service road should be constructed and that pursuant thereto an agreement such as the plaintiffs claim was made by the Commissioner or with his authority, the State would be bound. The plaintiffs could then proceed under RSA 491:8, and the State's motion to dismiss should be denied.

The order is

*Remanded.*

All concurred.