**Lucy S. CRUMMETT**

v.

**BOARD OF TRUSTEES OF the MAINE STATE RETIREMENT SYSTEM.**

Supreme Judicial Court of Maine.

Argued Nov. 13, 1980.

Decided Feb. 4, 1981.

Maine State Employees Ass'n, John J. Finn (orally), Shawn C. Keenan, Nancy J. Spieczny, Augusta, for plaintiff.

Richard S. Cohen, Atty. Gen., Augusta, Paul F. Macri (orally), Asst. Atty. Gen., for defendant.

Before McKUSICK, C. J., and WERNICK, GODFREY, NICHOLS, GLASSMAN, ROBERTS and CARTER, JJ.

WERNICK, Justice.

Plaintiff Lucy S. Crummett has appealed from a judgment of the Superior Court (Kennebec County) affirming a decision of the defendant, Board of Trustees of the Maine State Retirement System (Board). The Board had denied plaintiff's claim to be entitled to interest on contributions to the System she had made after expiration of the period of five years from the termination of her service with the State.

The basic issue arising on appeal is whether, and if so in what circumstances,

an agency of the State can be subject to equitable estoppel in relation to activity by it in the discharge of a governmental function.

The pertinent facts are stipulated and are the following.

Plaintiff is a former employee of the State of Maine who contributed to the Maine State Retirement System from May 4, 1953 until March, 1955, when she terminated her employment with the State of Maine. At that time her accumulated contributions to the retirement system were $316.00, with accumulated interest thereon of $12.93, a total of $328.93. In subsequent years until June of 1971, interest was annually credited to plaintiff's account. During the period from 1956 to 1971 the Board mailed to plaintiff annual statements. As of June 1971, these statements disclosed that the balance of plaintiff's account, including credited interest, was $523.80.

In 1972, in light of the provisions of 5 M.R.S.A. § 1096,[1] the Board adjusted the inactive account of plaintiff by eliminating all interest credits previously given for all of the time after March, 1961. Plaintiff received no notice from the Board, by mail or by publication, that any change had been made in her account. In the latter part of 1977 the Board sent plaintiff a statement which reflected a total of $382.81 in her account, instead of the $523.80 shown in the last prior statement plaintiff had received.

Plaintiff sought restoration of the higher balance by appealing to the Executive Director of the System, who denied her appeal. Plaintiff then appealed to the Board.

On the hearing of that appeal testimony was presented as to reliance by the plaintiff on the annual statements she had received from 1956 to 1971, and to the effect that had plaintiff been informed by the Board of the five-year limitation set forth in 5 M.R.S.A. § 1096, she would have withdrawn her money in 1961. In the face of this testimony the Board affirmed the decision of the Executive Director.

Plaintiff then sought judicial review of the Board's decision by filing a complaint in the Superior Court (Kennebec County) pursuant to Rule 80B M.R.Civ.P. and 5 M.R.S.A. §§ 1181 and 11001 *et seq.* The Superior Court affirmed the decision of the Board of Trustees.

In the recent case of *Maine School Administrative District No. 15 v. Raynolds,* Me., 413 A.2d 523, 533 (1980) this Court decided:

"under the law of Maine the application of equitable estoppel is *not absolutely* precluded solely because it is invoked against activity by a governmental official or agency in the discharge of a governmental function. The law of Maine is, rather, that depending on the totality of the particular circumstances involved, which will include the nature of the particular governmental official or agency acting and of the particular governmental function being discharged as precipitating particular considerations of public policy, equitable estoppel may be applied to activities of a governmental official or agency in the discharge of governmental functions." (emphasis in original)

---

1. 5 M.R.S.A. § 1096 states:

"*§ 1096. Return of accumulated contributions*

"If the service of any member has terminated, except by death or by retirement under this chapter, he shall be paid, upon proper application therefor, the amount of his accumulated contributions, provided no interest shall be included for any period beyond the 5th anniversary of the date of such termination of service if the member has less than 10 years of creditable service. Such payment shall not be made earlier than 60 days after the date of termination of service and an application for refund shall be void if a member returns to service within such 60-day period.

"Any account in the retirement system which has been inactive for 10 or more years, and with a balance of contributions under $100, may be transferred by the executive director to the Retirement Allowance Fund. Any former member who is restored to service shall be entitled to have such contributions and interest as had been transferred to the fund restored to the former member's credit. Any former member who applies for a refund of such contributions and interest as had been transferred to the fund shall be paid that refund."

The Superior Court justice, however, did not have the benefit of *Raynolds* when he decided the present case. He reached the conclusion, as he interpreted the prior cases, that under the law of Maine equitable estoppel would never lie against a governmental agency acting in the discharge of a governmental function. So concluding, he had no occasion to consider the need for the fact-finding and the judgmental determinations called for by *Raynolds*. For this reason, here, as in *Raynolds* itself, this Court

> "cannot say on the record before us that as a matter of law equitable estoppel should, or should not, be applicable to the particular governmental activity involved in this case." *Id.*, at 533.

In all the circumstances, then, the case must be remanded for further proceedings. Moreover, we conclude that fairness to all concerned requires that the parties shall be afforded opportunity to augment the evidentiary record already made and, therefore, that the case must be resubmitted to the Board. On remand, the parties may present to the Board such additional relevant and admissible evidence as they deem appropriate, and the Board shall then undertake the fact-finding and judgmental analysis delineated in *Raynolds*.

The entry shall be:

Appeal sustained; judgment of the Superior Court vacated; remanded to the Superior Court for entry of judgment remanding the case to the Board of Trustees of the Maine State Retirement System for further proceedings in accordance with the opinion herein.

All concurring.