STATE OF MAINE
KENNEBEC, ss

SUPERIOR COURT
CV-10-63
. /.l'//i ~KEN -/o/...

SARAH H. SPRING,
        Plaintiff
v.

ORDER ON DEFENDANT'S
MOTION TO DISMISS

BOARD OF TRUSTEES OF
Maine Public Employees Retirement
System,
        Defendant

In an order dated February 10, 2011, this court dismissed the plaintiff's 80C appeal by agreement of the parties and deferred judgment on the defendant's motion to dismiss the plaintiff's complaint which alleged equitable estoppel, pending submissions from the parties regarding the applicability of promissory estoppel to the plaintiff's complaint. The plaintiff responded by pleading the appositeness of promissory estoppel to her case and noting the court's flexibility in fashioning an appropriate remedy under that doctrine. The defendant argues that dismissal is appropriate on the plaintiff's promissory estoppel claim as upon the equitable estoppel claim. For the reasons that follow, the motion to dismiss is DENIED as to promissory estoppel and GRANTED as to equitable estoppel.

A "motion to dismiss pursuant to M.R. Civ. P. 12(b)(6) tests the legal sufficiency of the allegations in a complaint, not the sufficiency of the evidence the plaintiffs are able to present." *Barnes v. McGough*, 623 A.2d 144, 145 (Me. 1993) (citation omitted). The court is required to "consider the material allegations of the complaint as admitted and review the complaint in the light most favorable to the plaintiffs to determine whether it sets forth elements of a cause of action or alleges facts that would entitle the plaintiff to relief pursuant to some legal theory." *Bussell v. City of Portland*, 1999 ME 103, ¶ 1, 731 A.2d 862. "A dismissal is appropriate only

1

when it appears beyond doubt that a plaintiff is entitled to no relief under any set of facts that he might prove in support of his claim." *Dexter v. Town of Norway*, 1998 ME 195, ¶ 7, 715 A.2d 169, 171 (quotations omitted).

The complaint alleges the following. The plaintiff is a member of the MPERS and has contributed funds to be held by it in trust. Members who had accumulated at least ten years of service prior to July 1, 1993, are eligible to participate in a favorable "age 60" retirement plan. As of July 1, 1993, the plaintiff had nine years of creditable service with MPERS. On multiple occasions, and particularly on or about December 5, 2007, the defendant informed the plaintiff that she could purchase one year of out-of-state credits for service performed in another school system, which would count towards the years that she had acquired before July 1, 1993. On May 2, 2008, she was informed of the cost of purchasing the past year of service and that the result of purchasing it would be to make her eligible for retirement at age 60.

In reliance upon this information, she withdrew $17, 279 from savings to purchase the year of service, and incurred costs in doing so. She also told her employer that she would retire in July of 2009 and committed resources to building a business for her second career. On or about October 31, 2008, she was informed that the year of service could not be credited toward the "age 60" plan and hence she would not be eligible for normal retirement at that age. She canceled her notice of retirement. Following an administrative hearing, on March 16, 2010, MPERS adopted the position that the plaintiff's purchased year of service was not creditable.

On or about April 7, 2010, the petitioner timely filed a civil complaint, alleging that equitable estoppel required enforcement of MPERS's original promise of the plaintiff's retirement category, or other relief that would make her whole. The complaint also included an 80C appeal to assure this court's jurisdiction. MPERS moved to dismiss. By order of February

2

10, 2011, this court granted the motion to dismiss as to the 80C appeal by agreement of the parties. Prior to issuing an order on MPERS's motion to dismiss the plaintiff's equitable estoppel claim, however, the court invited the parties to brief the issue of promissory estoppel, including its availability against state entities and the range of remedies available thereunder. The plaintiff argues that promissory estoppel is applicable to her case against MPERS; MPERS moves to dismiss the claim of promissory estoppel as well as the claim of equitable estoppel. The court will address the applicability of both forms of estoppel.

## Equitable Estoppel

The defendant argues that no viable claim for equitable estoppel exists because equitable estoppel can be used only as a defense, not as an affirmative cause of action.

The court notes that "equitable estoppel is a principle of law, and should be carefully and sparingly applied." *Chrysler Credit Corp. v. Bert Cote's L/A Auto Sales, Inc.*, 1998 ME 53, ¶ 27, 707 A.2d 1311, 1318 (quotations and citations omitted). In *Grande v. St. Paul Fire and Marine Insurance Company*, the Court of Appeals for the First Circuit stated, "Estoppel is not ordinarily viewed as an independent cause of action, but as a set of rules preventing someone in specified circumstances from altering or contesting a proposition." *Grande v. St. Paul Fire and Marine Ins. Co et al*, 436 F.3d 277, 279 n.1 (1st Cir. 2006) (citing *Prosser & Keeton on Torts*, 105 at 733 (5th Ed. 1984)). The Court further noted: "Maine law is unclear." *Id.*[1] To this point, the First Circuit cited for comparison two Maine cases: *Waterville Homes, Incorporated v. Maine Department of Transportation*, 589 A.2d 455, 457 (Me. 1991) and *Martin v. Prudential Insurance Company*, 389 A.2d 28, 30-32 (Me. 1978). In the former, the Law Court noted the

---

[1] Any hopes expressed by the parties that a case which was pending before the Maine Supreme Court at the time of oral argument in this matter might make things a bit clearer for this court were dashed when the Law Court in *Tenant's Harbor General Store, LLC v. Department of Environmental Protection*, 2011 ME 6, ¶ 18, 10 A.3d 722, 728, found the petitioner's claim based on equitable estoppel moot.

3

"well-settled principle that estoppel is available only for protection, and cannot be used as a weapon of assault." *Waterville Homes*, 589 A.2d at 457 (quotations omitted). The Law Court defined equitable estoppel as an

> equitable affirmative *defense* that operates to absolutely preclude a party "from asserting rights which might have otherwise existed, either of property, of contract, or of remedy, as against another person who has in good faith relied upon such conduct, and has been led thereby to change his position for the worse, and who on his part acquires some corresponding right, either of property, of contract, or of remedy.

*Id.* (quoting *Martin v. Me. Central R.R. Co.*, 83 Me. 100, 104, 21 A. 740 (1890)); *see also Guay v. Kennedy*, 2011 Me. Super. LEXIS 22, at *12 ("The Court is not convinced that 'equitable estoppel' constitutes an independent claim for relief.") However, in an earlier case, the Court did not disallow a plaintiff's estoppel claim, but upheld a jury instruction, given over the plaintiff's objection, which required the plaintiff to prove that the plaintiff's reliance caused actual detriment or prejudice, as opposed to the plaintiff's proposed instruction that allowed estoppel if prejudice would occur unless the estoppel was given effect. *Martin v. Prudential Insurance Company*, 389 A.2d at 30-31.

In more recent cases involving claims against municipalities, the Law Court has expressly stated that equitable estoppel may be asserted defensively, rather than affirmatively. *Tarason v. Town of S. Berwick*, 2005 ME 30, ¶ 16, 868 A.2d 230, 234 (plaintiff could not affirmatively estop the town from bringing an enforcement action, since equitable estoppel can be used against a municipality only defensively); *Buker v. Town of Sweden*, 644 A.2d 1042, 1044 (Me. 1994) ("We have held that equitable estoppel can be asserted against a municipality only as a defense and 'cannot be used as a weapon of assault.'") (quoting *Waterville Homes v. Dept. of Transp.*, 589 A.2d 455, 457 (Me. 1991)).

4

The plaintiff relies upon a series of cases in which claims for equitable estoppel were brought affirmatively in response to agency action. *See Berry v. Bd. of Trustees, Maine State Retirement Sys.*, 663 A.2d 14 (Me. 1995); *Hall v. Bd. of Envtl. Prot.*, 498 A.2d 260 (Me. 1985); *Crummett v. Bd. of Trustees, Maine State Retirement Sys.*, 424 A.2d 1102 (Me. 1981); *Maine Sch, Admin. Dist. #14 v. Raynolds*, 413 A.2d 523 (Me. 1980). However, these cases do not expressly contradict the principle articulated in *Waterville Homes*, as none of these cases contains any indication that the argument regarding the doctrine's use as "sword" versus a "shield" was made or considered. In *Reynolds*, the Law Court first held that "under the law of Maine the application of equitable estoppel is *not absolutely* precluded solely because it is invoked against activity by *a* governmental official or agency in the discharge of *a* governmental function," but rather that the applicability of equitable estoppel would depend "on the totality of the particular circumstances involved, which will include the nature of the particular governmental official or agency acting and of the particular governmental function being discharged as precipitating particular considerations of public policy," and remanded for the trial court to determine the pertinent facts and public policy arguments in the first instance. *Reynolds*, 413 A.2d at 533. The *Crummett* court likewise remanded the case to the Board for expansion of the record, after the Superior Court erroneously concluded estoppel could not lie against a governmental agency, *see Crummett*, 424 A.2d at 1104, because the Justice did not have the benefit of the *Raynolds* holding permitting such an action under certain circumstances. In Hall, the Law Court upheld the trial court's dismissal of the plaintiff's equitable estoppel claim, noting, "Although equitable estoppel may be invoked against a governmental entity in appropriate circumstances, there must be a valid reason to believe that the person making the relied upon representation had authority to represent the agency's position," and finding that

such reason did not exist in that case. *Hall*, 498 A.2d at 267. And in *Berry*, the Law Court remanded a Rule 80C petition which had been joined with an independent equitable estoppel claim because the Superior Court had confined itself to the administrative record in granting summary judgment to the defendant, noting that the administrative agency lacked equitable jurisdiction to apply the doctrine. *Berry*, 663 A.2d at 18-20. It is not clear from the holdings of any of these cases whether the "sword" v. "shield" argument was made or considered, and it is not clear the extent to which the doctrine was being asserted affirmatively rather than defensively.

This court would note that a recent Superior Court decision, *Chase v. Southern Maine Economic Development District, et al*, 2008 Me. Super. LEXIS 47, concluded its review of Maine law in this area by stating that apart from *Martin v. Prudential Ins. Co.*, 389 A.2d 28 (Me. 1978), essentially all Maine cases involving estoppel "allow it to be used as a defensive mechanism. That is, a defendant can use it against the assertion of a plaintiff's claim, *or a plaintiff can use it against the assertion of a party's defense.*" *Chase*, 2008 Me. Super. LEXIS 47, at *9 (emphasis added).

The Plaintiff in the case at bar relies directly upon the above-quoted and emphasized clause in *Chase* to argue that in fact she is using it defensively, despite the fact that she has brought this equitable action for estoppel in a single count complaint. She argues that it would be "elevating form over substance" for the Court to accept MPERS' argument that the Court must consider when, chronologically speaking, the words "equitable estoppel" are first mentioned. That is, she claims that her assertion of the doctrine is defensive because she raised it at the administrative level only when the Executive Director of MPERS tried to move her into the age 62 category, after having assured her that she was eligible for the age 60 category, and

therefore she is attempting to defend against the loss of a right to which she had become entitled. This assertion at the administrative hearing, and in response to the defendant's motion to dismiss, she claims are both "defensive."

The Court agrees with the Petitioner's argument that chronology cannot completely drive the Court's analysis. However, a more fundamental problem exists for the Plaintiff, in the Court's view. In another recent Superior Court case, *Garnett v. Commissioner*, 2009 Me. Super. LEXIS 65, a petitioner brought a claim based on this doctrine. The petitioner had been granted a license to offer bison and boar for harvest, and asserted the doctrine to shield the license from later being restricted. The rationale was that the doctrine could be appropriately asserted because the petitioner was protecting a right that he already held. This rationale is consistent with the Law Court's language in *Waterville Homes* language that the party asserting estoppel must "acquire some corresponding right, either of property, of contract, or of remedy" resulting from a misrepresentation, and the established principle that estoppel is available only as protection against such a right. *Waterville Homes*, 589 A.2d at 457. Put another way, "[t]he doctrine of equitable estoppel, as distinguished from the doctrine of promissory estoppel, ordinarily is used defensively and requires a misrepresentation as to a past or present fact." *Chrysler Credit Corp.*, 1998 ME 53, ¶ 28, 707 A.2d at 1318-19 (citing *Chapman v. Bomann*, 381 A.2d 1123, 1127 (Me. 1978)).

> As a general rule, and apart from circumstances calling for application of the doctrine of promissory estoppel, "a representation or assurance, in order to furnish the basis of an estoppel, must relate to some present or past fact or state of things, as distinguished from mere promises or statements as to the future." 28 AM. JUR. 2D Estoppel and Waiver ß 46 (1966); *see* 31 C.J.S. Estoppel ß 92 (1996) (where a party seeks to employ the affirmative defense of equitable estoppel based on another party's false representations, the doctrine is ordinarily applicable "only to representations as to facts either past or present, and not to representations or promises concerning the future").

*Id.*, 707 A.2d at 1319.

In this case, the plaintiff is seeking to enforce a promise, or recover damages for her expenditures incurred in reliance upon that promise, regarding the timing and classification of her future retirement. To the extent she alleges a "false representation of past or present facts," the fact alleged is that she would be able to enter the "age 60" retirement plan and thus retire at age 60. There is no indication that the defendant's letter or the Plaintiff's purchase of the year of service resulted in her receiving an actual right to full benefits retirement at age 60; she had not reached age 60, and she did not actually retire. More weighty in the court's analysis is the fact that the plaintiff is not asserting estoppel as an affirmative defense to prevent "the assertion of an otherwise unequivocal right," *Id.*, 707 A.2d at 1318, (*i.e.*, the right to retirement at age 60, which she had not yet attained), but rather as a cause of action and basis for recovery based upon "an otherwise unenforceable agreement." *Id.* Because the plaintiff has not established facts that would permit a proceeding based upon equitable estoppel, the defendant's motion to dismiss is GRANTED as to equitable estoppel.

## Promissory Estoppel

The court remains bound by the standard of a motion to dismiss, wherein "[t]he complaint's material allegations are treated 'as admitted to determine whether it alleges the elements of a cause of action against the defendant or alleges facts that could entitle the plaintiff to relief under some legal theory.'" *Richardson v. Winthrop Sch. Dep't*, 2009 ME 109, ¶ 5, 983 A.2d 400, 402 (quoting *Dragomir v. Spring Harbor Hosp.*, 2009 ME 51, ¶ 15, 970 A.2d 310, 314-15). In 1978, the Law Court adopted the cause of action of promissory estoppel based upon the Restatement (Second) of Contracts, § 90:

> A promise which the promisor should reasonably expect to induce action or forbearance on the part of the promisee or a third person and which does induce such action or forbearance is binding if injustice can be avoided only by

enforcement of the promise. The remedy granted for breach may be limited as justice requires.

*Chapman v. Bomann*, 381 A.2d 1123, 1127 (Me. 1978); *see also, e.g., Panasonic Commc'ns & Sys. Co. v. State of Maine*, 1997 ME 43, ¶ 17, 691 A.2d 190, 195-96. The differing applications of equitable and promissory estoppel been explained as follows:

> Promissory estoppel is a contract doctrine invoked to enforce promises which are otherwise unenforceable so as to avoid injustice. . . . Equitable estoppel, sometimes referred to in our cases as estoppel in pais does not invoke promises. Instead, it involves misrepresentations, including misleading statements, conduct, or silence, that induce detrimental reliance.

*Cottle Enters., Inc. v. Town of Farmington*, 1997 ME 78, ¶ 17 n. 6, 693 A.2d 330, 335-36 n.6 (1997)) (quotations and citations omitted); *see also, e.g., Chrysler Credit Corp.*, 1998 ME 53, ¶ 28, 707 A.2d 1311, 1318-19 ("The doctrine of equitable estoppel, as distinguished from the doctrine of promissory estoppel, ordinarily is used defensively and requires a misrepresentation as to a past or present fact."). MPERS now advances several arguments to supplement its original motion to dismiss, which the court will address in turn.

1. The Plaintiff's Claim Sounds in Equitable Estoppel, Not Promissory Estoppel

MPERS first asserts that the doctrine of promissory estoppel is not implicated in the present case, and that the plaintiff's independent claim is in fact equitable estoppel alone. While MPERS recognizes that equitable estoppel may in some cases be applied against the government, citing *Dep't of Health and Human Servs. v. Pelletier*, 2009 ME 11, ¶ 17, 964 A.2d 630, 635 ("Equitable estoppel may be applied to the activities of a governmental official or agency in the discharge of governmental functions."); *Fitzgerald v. City of Bangor*, 1999 ME 50, 726 A.2d 1253; *H. E. Sargent v. Town of Wells*, 676 A.2d 920 (Me. 1996); and *Hart v. County of Sagadahoc*, 609 A2d 282 (Me. 1992), MPERS avers that it did not find a Law Court decision

9

applying promissory estoppel either defensively or offensively against a state agency.[2] MPERS asserts that the representations its staff made regarding the plaintiff's retirement class status were statements of a present state of affairs, rather than a promise regarding future events, and therefore fall within the definition of equitable, rather than promissory, estoppel. *Blue Star Corp. v. CKF Props.*, 2009 ME 101, 980 A.2d 1270; *Chrysler Credit Corp.*, 1998 ME 53, 707 A.2d 1311; *Berry v. Bd. of Trustees*, 663 A.2d 14, 18 (Me. 1995).

MPERS points to a letter that states as follows: "the purchase of the above listed service will give you enough service, 10 years to be vested prior to July 1, 1993. That being the case, your retirement age will be 60" (R. 1.28). MPERS also claims that the letter constitutes an incorrect factual representation of the plaintiff's creditable service, rather than a promise to perform. In its letter of October 31, 2008, MPERS explains, it corrected its error upon which the plaintiff had allegedly relied, explaining that the plaintiff did not have sufficient years of service prior to July 1, 1993 and that the purchase of her private/ parochial service therefore could not be used towards vesting her under the "age 60" plan. (R. 713.) Promissory estoppel is distinguished from equitable estoppel in that equitable estoppel concerns the misrepresentation of an existing fact. *See, e.g., Chrysler Credit Corp.*, 1998 ME 53, ¶ 27, 707 A.2d at 1318.

MPERS thus seeks to distinguish the numerous cases of promissory estoppel cited by the plaintiff on the ground that the plaintiff's cases involve a promise of a future event. *See Harvey v. Dow*, 2008 ME 192, 962 A.2d 322 (promise to convey real property in the future); *Nappi v. Nappi Distributors*, 1997 ME 54, 691 A.2d 1198 (promise to construct an addition in the

---

[2] *But see, e.g., Panasonic Commc'ns & Sys. Co. v. State of Maine,* 1997 ME 43, ¶¶ 17-20, 691 A.2d at 195-196 (evaluating a claim of promissory estoppel against the state on its merits before concluding the claim against the state was defeated by a lack of reliance).

10

future)[3]; *Stone v. Waldoboro Bank*, 559 A.2d 781 (Me. 1989) (promise to sell real property to plaintiff in the future); *Wilson v. Strong*, 474 A.2d 176, 178 (Me. 1984) (agreement to lease a building in the future)[4]; *Chapman v. Bowmann*, 381 A.2d 1123 (Me. 1978) (promise that defendants would sign and return real estate document forwarded to them); and *GMAC Commercial Mortgage Corp. v. Gleichman*, 84 F.Supp.2d 127, 138 (D. Me. 1999) (promise to provide construction financing in the future). MPERS was particularly careful to distinguish *Faunce v. American Can Co., Inc.*, 407 A.2d 733 (Me. 1979), because it concerned the application of promissory estoppel in the context of a retirement plan. MPERS characterizes that case as follows:

> Defendant was closing its plant, and Faunce did not have enough accredited service time to retire. Aware of Faunce's situation, the manager promised to ignore the deficiency and to recognize him as eligible when he retired. Faunce was deliberately induced to retire, and then a future event[,] the recognition of eligibility, was promised.

(Def.'s Supp. to Mot. to Dismiss 5.) In contrast to those cases, MPERS asserts that no promise was made to the plaintiff, but that its letter was informational, not promising future conduct, and did not seek to induce any action on the part of the plaintiff.

The court is not persuaded that MPERS's correspondence with the plaintiff was of a present nature only and did not represent a future promise sufficient to invoke the doctrine of promissory estoppel. The May 2, 2008 letter that MPERS quotes to support its argument (which is at least the second letter the plaintiff received, after a letter indicating that she would be

---

[3] The court has reservations about characterizing this case as referring to "future" construction, as the *Nappi* court cited *Tozier v. Tozier*, 437 A.2d 645, 648 (Me. 1981) for the proposition that, "In the context of the transfer of land, when the donee has made substantial improvements to the land in reliance upon the promise to convey the land, courts will enforce the promise to convey," and the construction and reliance appeared to be contemporaneous. *Nappi*, 1997 ME 54, ¶ 9, 691 A.2d at 1200.

[4] The court notes that this case was not decided on the merits of the promissory estoppel claim, and the Law Court reversed the trial court's decision to send such claim to the jury. *Wilson*, 474 A.2d at 180.

11

eligible for the "age 60" retirement group upon purchase of her year of service) provided in pertinent part:

> Please be advised with the purchase of the above listed credit will give you enough service, 10 years, to be vested prior to July 1, 1993. That being the case, your service retirement will be 60. Please be advised with the purchase of the above listed service, the estimated increase to your monthly benefit is $98.66.

(Def.'s Supp. to Mot. to Dismiss 6, quoting R. 7.17.) The statement informs the plaintiff that if she purchases the year of service, then she will be eligible for retirement at 60, and she will receive an increase to her monthly benefit. Though MPERS seeks to characterize this correspondence as reflecting only the present status of the petitioner, one's present status in a retirement track refers to the future; the statement "your service retirement will be 60," means not only that she is currently (or will be, upon purchase of service) in the age 60 retirement category, but also that when she is 60, which she is not yet, then she will be able to retire. This case is thus similar to all of the other cases which concern promises regarding future events.

MPERS's attempts to distinguish *Faunce*, where promissory estoppel bound an employer who promised his employees their retirement two months early, are unavailing. *See Faunce*, 407 A.2d at 734-35. The difference between the plaintiff's situation and Faunce's is not the status of the promise or representation made as future or present, but rather the timing of the intervention of the retirement provider: Faunce retired and then the provider attempted to renege on its promise, whereas plaintiff Spring had made preparations for retirement but had not yet ceased work at the time that the retirement provider informed her of her ineligibility for her expected retirement. *See id.*[5] This argument does not merit dismissal of the plaintiff's claim in promissory estoppel.

---

[5] This is the essence of the equitable estoppel/ promissory estoppel distinction—for equitable estoppel purposes, Faunce and the plaintiff have established very different sets of rights, since Faunce retired based on the representations of his employer. For the purposes of promissory estoppel, where the court's concern is the damage

12

## 2. Lack of Consideration

MPERS next contends that the promissory estoppel claim should be dismissed because no consideration was given to MPERS. It explains that the payment to purchase creditable service is actuarially calculated to be the actual cost of the enhanced benefit, such that the payment does not amount to a net gain or benefit to MPERS.

This argument has no applicability to a claim of promissory estoppel. "It has often been said that promissory estoppel is the principle by which contract law avoids injustice through recognition of a substitute for traditional consideration." *Chapman v. Bomann*, 381 A.2d 1123, 1126 (Me. 1978) (citing Williston on Contracts §§ 116, 139; *Allegheny College v. National Chautauqua County Bank of Jamestown*, 246 N.Y. 369, 159 N.E. 173 (1927)); *see also id.* ("Several Maine cases mention that reasonable and detrimental reliance on the promise of another may act as a substitute for consideration."); *Carr v. Bartlett*, 72 Me. 120 (1881)).

Since the analysis of promissory estoppel does not consider the benefit to the recipient, but rather the reliance of the performing party, *see* Restatement (Second) of Contracts, §90, the court accordingly considers that this argument does not support dismissal of the plaintiff's claim.

## 3. The MPERS Staff Member Corresponding With the Plaintiff Lacked the Authority to Bind MPERS in Contract

MPERS next contends that a claim in promissory estoppel should be dismissed because the staff person who made the representation to the plaintiff lacked the authority to bind MPERS in contract. It notes that "[p]romissory estoppel is a contract doctrine invoked to enforce promises which are otherwise unenforceable so as to avoid injustice," citing *Chapman*, 381 A.2d at 1127. MPERS asserts that it was unreasonable for the plaintiff to rely upon any contract created by her correspondence with MPERS, because Debra J. Bernier, the senior MPERS

---

or detriment to the plaintiff incurred in reliance upon the defendant's promises, Faunce and the plaintiff are in an analogous position.

technician who issued the May 2, 2008 letter upon which the plaintiff relied (R. 7.16), did not have the authority to bind MPERS in contract.[6] MPERS cites *Bates v. Maine State Retirement System*, KENSC-CV-2007-292 (Me. Super. Ct., Ken. Cty., Jul. 6, 2009) (Jabar, J.), for the premise that 5 M.R.S. §17103(6) precluded an MPERS staff member's authority to bind MPERS in any contract or agreement.[7]

MPERS adds that a contract with a governmental entity is void if the government official who executed the contract lacked the authority to do so, regardless of the lack of knowledge of these limitations by the person contracting with the official.[8] While MPERS concedes it has found no Maine case regarding the extent to which a state agency would be responsible for a contract executed by an employee lacking the requisite authority, it analogizes to cases holding that a contract with a municipality is void under such circumstances, regardless of the private party's awareness of the official's lack of authority. *See Hallissey v. School Administrative District No. 77*, 2000 ME 143 ¶12 n.5, 755 A.2d 1068, 1072; *People's Heritage Bank v. City of Saco*, 566 A.2d 745 (Me. 1989); *State v. Town of Franklin*, 489 A.2d 525, 528 (Me. 1985); *Sirois v. Town of Frenchville*, 441 A.2d 291 (Me. 1982); *State v. Deschambault*, 159 Me. 223, 228, 191 A.2d 114, 118 (1963); *School Admin. Dist. No. 3 v. Maine School District Comm'n*, 158 Me. 420, 425-26, 185 A.2d 744, 747 (1962).

---

[6] The reasonableness of the plaintiff's reliance upon MPERS's employee's statements is not appropriate for analysis on a motion to dismiss. *See MacImage v. Hancock County*, 2009 Me. Super. LEXIS 89 at *9 n. 5.

[7] That provision states in pertinent part, "The board shall in all cases make the final and determining administrative decision in all matters affecting the rights, credits and privileges of all members of all programs of the retirement system whether in participating local districts or in the state service." 5 M.R.S. §17103(6) (2010).

[8] MPERS supports its assertion by reference to *Fed. Crop Ins. Corp. v. Merrill*, 332 US 380, 383-84 (1947); *Shlay v. Montgomery*, 802 F.2d 918, 921-22 (7th Cir. 1986); *Cottle Enters., Inc. v. Town of Farmington*, 1997 ME 78, 693 A.2d 330-35 (Town's authority to issue moratorium on sewer permits); *Orange v. District of Columbia*, 320 A.2d 301, 303 (D.C. 1974); *Alexandropolous v. New Hampshire*, 174 A.2d 417, 418 (N.H. 1961); *Lien v. Northwestern Engineering Co.*, 54 N.W.2d 472, [476] (S.D. 1952); *Dep't of Public Safety and Correctional Servs. v. ARA Health Servs., Inc.*, 668 A.2d 960, 969 (Md. Ct. Spec. App. 1995) ("In the absence of actual authority, the State may avoid the contract, regardless of the reasonableness of the beliefs of the other party.").

While MPERS cites compelling authority to support the proposition that a state agency is not bound by the representations of an agent acting outside of his or her authority, under the standard of a motion to dismiss, the court finds no basis on which to dismiss the present case.[9] When the court "examine[s] the complaint in the light most favorable to the plaintiff to determine whether it sets forth elements of a cause of action or alleges facts that would entitle the plaintiff to relief pursuant to some legal theory" (Moody v. State Liquor & Lottery Comm'n, 2004 ME 20, ¶7, 843 A.2d 43, 46 (quoting In re Wage Payment Litig., 2000 ME 162, ¶3, 759 A.2d 217, 220)), the court finds no evidence that Senior Retirement Technician Debra L. Bernier was not authorized to inform the plaintiff of the cost of purchasing her year of service, or that Senior Retirement Technician Bernier exceeded the scope of her authority within MPERS by explaining that such a purchase would place the plaintiff in the "age 60" retirement group. On the contrary, the complaint alleges that the ability to purchase the year of service was represented to her by multiple MPERS agents, such that Senior Retirement Technician Bernier's letter of May 2, 2008, served only to solidify the terms of such a purchase. See Compl. ¶4 ("At various times, and particularly, on or about December 5, 2007, the defendant, through duly authorized employees and agents, informed the plaintiff that she could purchase one year of out-of-state service that she had performed for another school system and that the year of service, if purchased, would count towards the years of service that she had acquired before July 1, 1993.") The plaintiff does not now dispute that Senior Retirement Technician Bernier's statement was in error. See Order of February 10, 2011 (dismissing the 80C appeal by agreement of the parties).

---

[9] See, e.g., AFAB, Inc. v. Old Orchard Beach, 639 A.2d 103, 105 (Me. 1994) (listing "cases . . . consistent with the law protecting municipalities from liability under illegal, void, or unauthorized contracts," before deciding, "Although courts are reluctant to impose contractual liability on a municipality when the contract on which the liability is based has not been properly authorized, or is void or illegal, in other contexts we have moved away from complete immunization of municipalities under the common law from liability in every case regardless of the circumstances," and upholding an unjust enrichment claim against the municipality).

However, Senior Retirement Technician Bernier's miscalculation does not mean that her correspondence with the plaintiff was undertaken in excess of her actual authority. The complaint amply alleges that MPERS, through various agents, represented that the plaintiff could purchase a year of service and thereby become eligible for the "age 60" retirement group. To the extent that MPERS suggests that Senior Retirement Technician Bernier's letter, including providing the plaintiff the contract by which to make such a purchase, was in excess of her actual authority at MPERS, that is a factual issue inappropriate for consideration at this juncture.[10]

3-A. MPERS's Employee Could Not Make a Contract in Violation of Statute

Relatedly, MPERS asserts that even if Senior Retirement Technician Bernier had the requisite authority to bind MPERS in contract, the plaintiff's claim still fails because enforcement of the promise would be contrary to law, and Senior Retirement Technician Bernier's promise cannot override state law.

The court again agrees that there is ample authority supporting the position that a promise contrary to law is not enforceable by estoppel. *See, e.g., Thurber v. W. Conference of Teamsters Pension Plan*, 542 F.2d 1106, 1109 (9th Cir. 1976) (where employee made supplemental payment to pension plan at direction of plan administrator to qualify for early retirement benefits, but where such payment was not authorized by law, estoppel could "not be invoked to compel an illegal act," specifically, the payment of benefits in violation of federal labor law);

---

[10] *Bates* likewise does not mandate dismissal of this case. There, the allegation was that the MPERS representative was acting as an agent for Bates's employer while making representations about his retirement plan. The statute cited in *Bates* provides that "The board shall in all cases make the final and determining administrative decision in all matters affecting the rights, credits and privileges of all members of all programs of the retirement system whether in participating local districts or in the state service." 5 M.R.S. §17103(6) (2010). However, the same statute next provides, in a subsection governing communications between the board and members of the retirement system, "All retirement information provided to retirement system members must be provided by highly competent individuals well-trained and knowledgeable about the benefits and requirements of the retirement system in both law and rules. . . . The board shall provide applicants for retirement . . . with materials summarizing the most significant requirements and restrictions in state laws and rules," suggesting that the board may be responsible for the reliability of statements made by its "highly competent individuals." 5 M.R.S. §17103(6-A) (2010).

*Atria Assoc. v. County of Nassau*, 181 A.D.2d 847, 850 (N.Y. App. Div. 1992) ("estoppel cannot

be utilized to enforce a municipal contract that violates express statutory provisions").[11]

However, the plaintiff has requested remedies for her damages other than enforcement of

MPERS's original promise.

> [T]he same factors which bear on whether any relief should be
> granted also bear on the character and the extent of the remedy. In
> particular, relief may sometimes be limited to restitution or to
> damages or specific relief measured by the extent of the promisee's
> reliance rather than by the terms of the promise. Unless there is
> unjust enrichment of the promisor, damages should not put the
> promisee in a better position than performance of the promise would
> have put him. In the case of a promise to make a gift it would rarely
> be proper to award consequential damages which would place a
> greater burden on the promisor than performance would have
> imposed.

Addressing the relief available on a claim of promissory estoppel, the Restatement
provides:

Restatement (Second) of Contracts ß 90 cmt. d (citations omitted).

*Harvey v. Dow*, 2011 ME 4, ¶12, 11 A.3d 303, 308. "In fashioning a remedy, the court may look

to this provision for direction." *Id.*

The plaintiff's complaint alleges that she incurred fees and costs in reliance upon the

representations she received from MPERS. A remedy based upon these reliance-based

expenditures would not offend the statute establishing the plaintiff's proper retirement class.

Where the court may make the plaintiff whole by "damages or specific relief measured by the

extent of the promisee's reliance rather than by the terms of the promise," *id.*, there is no

contravention of state law. This argument thus does not weigh in favor of dismissal.[12]

---

[11] *But cf. County of Hancock v. Teamsters Union Local 340*, 2010 ME 135, ¶ 13, 10 A.3d 670, 673 (estopping a county from disputing the application of a grievance procedure to certain employees, although the employees may not have been entitled to that process).

[12] Nor is denial mandated under principles of sovereign immunity. As MPERS noted, estoppel may be applied against a governmental entity. *See, e.g., A.F.A.B., Inc., v. Town of Old Orchard Beach*, 639 A.2d 103, 105-06 (Me.

## 4. Promissory Estoppel Was Not Raised Below

MPERS's final argument in favor of dismissal is that a party to an administrative proceeding must raise any objections it has before the agency in order to preserve the issue for appeal, and since promissory estoppel was not raised below, it has not been preserved.

The petitioner's "action in equity" for estoppel was not before MPERS, since MPERS "does not have equitable jurisdiction to apply the doctrine of estoppel to its own decisions." *Berry v. Bd. of Trs., Me. State Ret. Sys.*, 663 A.2d 14, 19 (Me. 1995). It is an independent action, separate and distinct from any 80C review. It was docketed as an independent civil action, rather than an appeal from an agency decision. This court's order of February 10, 2011, dismissed any 80C appeal portion of the plaintiff's complaint based upon the plaintiff's agreement that her complaint was one in equity, rather than an appeal from MPERS's decision below. Therefore, the fact that promissory estoppel was not raised before the agency has no bearing on this court's ability to consider that claim.

## Conclusion

As the First Circuit has noted, "Maine case law is unclear" as to whether equitable estoppel may be "viewed as an independent cause of action," or is limited to use as "as a set of rules preventing someone in specified circumstances from altering or contesting a proposition." *Grande*, 436 F.3d at 279 n.1. However, because the court finds that, viewed "in the light most favorable to the plaintiff," *Richardson*, 2009 ME 109, ¶ 5, 983 A.2d at 402 (quotation omitted), the complaint alleges promises on the part of MPERS that could reasonably be expected to

---

1994) (equitable estoppel); *City of Auburn v. Desgrosseilleurs*, 578 A.2d 712, 714-16 (Me. 1990) (same); *Maine School Administrative District No. 15 v. Raynolds*, 413 A.2d 523, 533 (Me. 1980) (overruling the common law presumption that estoppel could not apply against a governmental agency in the exercise of its governmental function). Also, this is an area where the state (as we are assuming MPERS is a state agency) is given leave to contract, and is therefore eligible for suit upon breach of its contract. *See, e.g., Knowlton v. AG*, 2009 ME 79, ¶¶ 16-17, 976 A.2d 973, 979; *Profit Recovery Group, USA, Inc. v. Comm'r, Dep't of Admin. & Fin. Serv.*, 2005 ME 58, ¶ 28, 871 A.2d 1237, 1244.

induce action on the part of the plaintiff, which promises did indeed induce such action, to the plaintiff's detriment, the plaintiff has successfully pled the elements of promissory estoppel, and her claim should not be dismissed.

The entry will be:

> The defendant's Motion to Dismiss the plaintiff's complaint in full is DENIED.
>
> The defendant's Motion to Dismiss the equitable estoppel portion of the claim is GRANTED.

This ORDER may be noted on the docket by reference pursuant to Rule 79(a) of the Maine Rules of Civil Procedure.

6/9/11

**DATE**

**SUPERIOR COURT JUSTICE**

19

SARAH P SPRING  - PLAINTIFF

Attorney for: SARAH P SPRING
DONALD FONTAINE   - RETAINED 04/07/2010
LAW OFFICES OF DONALD FONTAINE
97 INDIA STREET
PO BOX 7590
PORTLAND ME 04112


vs
BOARD OF TRUSTEES, MPERS - DEFENDANT
46 STATE HOUSE STATION
AUGUSTA ME 043330046
Attorney for: BOARD OF TRUSTEES, MPERS
CHRISTOPHER MANN  - RETAINED
ATTORNEY GENERAL OFFICE OF AG
111 SEWALL STREET
6 STATE HOUSE STATION
AUGUSTA ME 04333-0006

SUPERIOR COURT
KENNEBEC, ss.
Docket No  AUGSC-CV-2010-00063


**DOCKET RECORD**

Filing Document: COMPLAINT                     Minor Case Type: OTHER EQUITABLE RELIEF
Filing Date: 04/07/2010

## Docket Events:
04/08/2010 FILING DOCUMENT - COMPLAINT FILED ON 04/07/2010
          Plaintiff's Attorney:  DONALD FONTAINE


04/08/2010 Party(s):  SARAH P SPRING
          ATTORNEY - RETAINED ENTERED ON 04/07/2010
          Plaintiff's Attorney: DONALD FONTAINE


04/14/2010 Party(s):  BOARD OF TRUSTEES, MPERS
          SUMMONS/SERVICE - CIVIL SUMMONS SERVED ON 04/08/2010
          ORIGINAL SUMMONS WITH RETURN SERVICE MADE UPON PAM MCARTHUR ON BEHALF OF MAINE PUBLIC
          EMPLOYEES RETIREMENT SYSTEM.


05/04/2010 Party(s):  BOARD OF TRUSTEES, MPERS
          OTHER FILING - ENTRY OF APPEARANCE FILED ON 04/26/2010
          Defendant's Attorney: CHRISTOPHER MANN


05/04/2010 Party(s):  BOARD OF TRUSTEES, MPERS
          ATTORNEY - RETAINED ENTERED ON 04/26/2010
          Defendant's Attorney: CHRISTOPHER MANN


05/04/2010 Party(s):  BOARD OF TRUSTEES, MPERS
          OTHER FILING - OTHER DOCUMENT FILED ON 04/27/2010
          Defendant's Attorney: CHRISTOPHER MANN
          ADMINISTRATIVE RECORD


05/04/2010 Party(s):  BOARD OF TRUSTEES, MPERS
          MOTION - MOTION TO DISMISS FILED ON 04/28/2010
          Defendant's Attorney: CHRISTOPHER MANN


05/21/2010 Party(s):  SARAH P SPRING

OTHER FILING - OPPOSING MEMORANDUM FILED ON 05/21/2010
Plaintiff's Attorney: DONALD FONTAINE
TO RESPONDENT'S MOTION TO DISMISS

06/04/2010 Party(s): BOARD OF TRUSTEES, MPERS
OTHER FILING - OPPOSING MEMORANDUM FILED ON 06/04/2010
Defendant's Attorney: CHRISTOPHER MANN
TO PETITIONER'S MOTION TO SPECIFY FUTURE COURSE OF PROCEEDINGS

06/04/2010 HEARING - MOTION TO DISMISS SCHEDULED FOR 07/08/2010 @ 9:30

06/04/2010 HEARING - MOTION TO DISMISS NOTICE SENT ON 06/04/2010

06/10/2010 Party(s): SARAH P SPRING
MOTION - MOTION TO CONTINUE FILED ON 06/09/2010
Plaintiff's Attorney: DONALD FONTAINE
CONSENT MOTION TO WAIVE ORAL ARGUENT OF IN THE ALTERNATIVE TO CONTINUE ORAL ARGUMENT ON
MOTION                                        FAXED TO JUSTICE BRADFORD

06/14/2010 Party(s): SARAH P SPRING
MOTION - MOTION TO CONTINUE GRANTED ON 06/11/2010
CARL O BRADFORD , JUSTICE
COPIES TO PARTIES/COUNSEL

06/14/2010 HEARING - MOTION TO DISMISS CONTINUED ON 06/11/2010
TO NEXT MOTION LIST.

07/23/2010 HEARING - MOTION TO DISMISS SCHEDULED FOR 09/09/2010 @ 9:00  in Room No.  4

07/23/2010 HEARING - MOTION TO DISMISS NOTICE SENT ON 07/23/2010

10/05/2010 HEARING - MOTION TO DISMISS HELD ON 09/09/2010
M MICHAELA MURPHY , JUSTICE
NO COURTROOM CLERK

10/15/2010 Party(s): SARAH P SPRING
MOTION - MOTION TO STRIKE FILED ON 10/15/2010
Plaintiff's Attorney: DONALD FONTAINE
PLAINTIFF'S RESPONSE TO DEFENDANT'S ARGUMENT AND PROPOSED ORDER.

01/05/2011 Party(s): BOARD OF TRUSTEES, MPERS
OTHER FILING - OTHER DOCUMENT FILED ON 10/01/2010
Defendant's Attorney: CHRISTOPHER MANN
COPY OF CASE FOR COURT'S DELIBERATION

01/05/2011 Party(s): SARAH P SPRING
MOTION - DETERMINE COURSE PROCEEDINGS FILED ON 05/21/2010
Plaintiff's Attorney: CAROLINE WILSHUSEN
MOTION TO SPECIFY THE FUTURE COURSE OF PROCEEDINGS

01/05/2011 Party(s): SARAH P SPRING
OTHER FILING - OTHER DOCUMENT FILED ON 09/15/2010
Plaintiff's Attorney: DONALD FONTAINE

LETTER RE: COURT'S REQUEST TO COMMENT RE: DOCTRINE OF EQUITABLE ESTOPPEL

01/05/2011 Party(s): BOARD OF TRUSTEES, MPERS
OTHER FILING - OTHER DOCUMENT FILED ON 09/16/2010
Defendant's Attorney: CHRISTOPHER MANN
RE: REVIEW OF APPELLEE'S LAW COURT BRIEF AND ISSUE OF EQUITABLE ESTOPPLE

01/05/2011 Party(s): SARAH P SPRING
OTHER FILING - REPLY MEMORANDUM FILED ON 10/15/2010
Plaintiff's Attorney: DONALD FONTAINE
PLTF'S RESPONSE TO DEFT'S ARGUMENT

02/11/2011 Party(s): SARAH P SPRING
MOTION - MOTION TO STRIKE DENIED ON 01/06/2011
M MICHAELA MURPHY , JUSTICE
THE FILING OF THE DEFT ATTACHED TO ITS LETTER OF 9/29/10 IS NOT STRICKEN, BUT PLTF CAN
REPLY AS SHE HAS THROUGH FILIG DOCKETED 10/15/10.        COPY TO ATTY FONTAINE AND
AAG MANN

02/11/2011 Party(s): SARAH P SPRING
MOTION - DETERMINE COURSE PROCEEDINGS DENIED ON 02/10/2011
M MICHAELA MURPHY , JUSTICE
COPY TO ATTY FONTAINE AND AAG MANN

02/11/2011 Party(s): BOARD OF TRUSTEES, MPERS
MOTION - MOTION TO DISMISS OTHER DECISION ON 02/10/2011
M MICHAELA MURPHY , JUSTICE
THE COURT RESERVES FINAL RULING ON THE DEFT'S MOTION TO DISMISS WITH RESPECT TO ANY CLAIM
OF EQUITABLE OR PROMISSORY ESTOPPEL. HOWEVER, THE COURT GRANTS THE MOTION TO DISMISS IN
PART, GIVEN THE PLAINTIFF'S CONCESSION THAT SHE DOES NOT INTEND TO PURSUE A CLAIM UNDER
RULE 80C OF THE MAINE RULES OF CIVIL PROCEDURE.
                  COPY TO ATTY FONTAINE AND AAG MANN

02/11/2011 NOTE - OTHER CASE NOTE ENTERED ON 02/11/2011
COPY OF J. MURPHY ORDER OF 2/10/11 SENT TO REPOSITORIES

03/09/2011 Party(s): SARAH P SPRING
OTHER FILING - OPPOSING MEMORANDUM FILED ON 03/09/2011
Plaintiff's Attorney: DONALD FONTAINE
PLTF'S SUPPLEMENTARY MEMORANDUM OF LAW IN OPPOSITION TO DEFT'S MOTION TO DISMISS.

03/09/2011 ASSIGNMENT - SINGLE JUDGE/JUSTICE ASSIGNED TO JUSTICE ON 03/09/2011
M MICHAELA MURPHY , JUSTICE

04/13/2011 Party(s): BOARD OF TRUSTEES, MPERS
OTHER FILING - OTHER DOCUMENT FILED ON 04/11/2011
Plaintiff's Attorney: CHRISTOPHER MANN
SUPPLEMENTAL ARGUMENT IN SUPPORT OF MOTION TO DISMISS

04/20/2011 Party(s): SARAH P SPRING
OTHER FILING - REPLY MEMORANDUM FILED ON 04/20/2011
Plaintiff's Attorney: DONALD FONTAINE
PLTF'S REPLY MEMORANDUM TO DEFT'S SUPPLEMENTAL ARGUMENT IN SUPPORT OF MOTION TO DISMISS

06/13/2011 Party(s): BOARD OF TRUSTEES, MPERS
MOTION - MOTION TO DISMISS DENIED ON 06/09/2011
M MICHAELA MURPHY , JUSTICE
THE DEFT'S MOTION TO DISMISS THE PLAINTIFF'S COMPLAINT IN FULL IS DENIED. COPY TO ATTY
FONTAINE AND AAG MANN

06/13/2011 Party(s): BOARD OF TRUSTEES, MPERS
MOTION - MOTION TO DISMISS GRANTED ON 06/09/2011
M MICHAELA MURPHY , JUSTICE
THE DEFT'S MOTION TO DISMISS THE EQUITABLE ESTOPPEL PORTION OF THE CLAIM IS GRANTED.
                                        COPY TO ATTY FONTAINE AND AAG
MANN                                     COPY TO REPOSITORIES


A TRUE COPY
ATTEST: _____
                    Clerk